UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SONYA FERGUSON and THOMAS RIDLEY,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, DET. PETER VALENTIN, Shield No. 2708, Individually and in his Official Capacity, DET. ANTHONY DISIMONE, Shield No. 340, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown)

                Defendants.

------------------------------------------------------------------X

**AMENDED COMPLAINT**

**11-CV-06156-BSJ**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiffs SONYA FERGUSON and THOMAS RIDLEY, by their attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

PDF Complete. Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SONYA FERGUSON is an African-American female and has been at all relevant times a resident of the City and State of New York.

7. Plaintiff THOMAS RIDLEY is an African-American male and has been at all relevant times a resident of the City and State of New York.

8. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10. At all times hereinafter mentioned, the individually named defendants P.O.s õJOHN DOEö #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

Your complimentary use period has ended. Thank you for using PDF Complete.
Click Here to upgrade to Unlimited Pages and Expanded Features

mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

### THE MARCH 3, 2011, INCIDENT

14. On or about March 3, 2011, at approximately 6:00 a.m., plaintiff SONYA FERGUSON was lawfully inside of her home at 915 Kelly Street in Bronx County in the City and State of New York.

15. At the aforesaid time and place, defendant police officers burst through the door.

16. Upon information and belief, the police officers did not enter pursuant to a valid search warrant.

17. Defendant police officers did not provide a copy of any warrant to plaintiff SONYA FERGUSON upon repeated requests.

18. Upon information and belief, the police officers, if they did possess a warrant, did not enter in a manner or at a time authorized in the warrant.

19. Upon information and belief, plaintiffs were not listed or described as suspects or targets on any application for any warrant.

... of the home defendants punched, kicked, and sprayed plaintiff SONYA FERGUSON's dog with a fire extinguisher.

21. Shortly thereafter, defendants demanded to know the phone number of plaintiff SONYA FERGUSON's son, plaintiff THOMAS RIDLEY.

22. The officers called plaintiff THOMAS RIDLEY, told him that they were in his mother's apartment and plaintiff THOMAS RIDLEY rushed to see what was happening.

23. When he arrived, plaintiff THOMAS RIDLEY found his mother, plaintiff SONYA FERGUSON on the floor in handcuffs and was immediately placed in handcuffs himself.

24. Thereafter, the defendants uncovered plaintiff SONYA FERGUSON's prescription medication, for which she possessed valid documentation, and no contraband or evidence of criminal or unlawful activity on the premises, on the person of either plaintiff, or on any other individual present in the apartment.

25. Despite the complete lack of evidence linking either plaintiff to criminal or unlawful activity, defendants placed plaintiffs under arrest and charged them with Criminal Possession of a Controlled Substance in the Seventh Degree and Possession of Ammunition.

26. At no time on March 3, 2011, did any plaintiffs possess or control any amount of controlled substance, any ammunition, or behave unlawfully in any way.

27. At no time on March 3, 2011, did defendants possess probable cause to arrest plaintiffs.

28. At no time on March 3, 2011, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs.

unlawful arrest plaintiff THOMAS RIDLEY spent approximately fifty (50) hours in police custody and approximately four (4) months making court appearances.

30. As a result of her unlawful arrest plaintiff SONIA FERGUSON spent approximately forty (40) hours in police custody and approximately four (4) months making court appearances.

31. In connection with plaintiffs' arrests defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

32. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiffs' arrests.

33. Specifically, defendants falsely and knowingly alleged that plaintiffs possessed a controlled substance and ammunition.

34. Despite defendants' unlawful actions, all charges were dismissed against both plaintiffs on June 27, 2011.

35. As a result of the foregoing, plaintiffs SONYA FERGUSON and THOMAS RIDLEY sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

**THE DECEMBER 7, 2011, INCIDENT**

36. On or about December 7, 2011, at approximately 6:30 p.m., plaintiff SONYA FERGUSON was lawfully present in the vicinity of Intervale Avenue in the County of the Bronx, the State of New York, when defendant police officers suddenly accosted her.

37. Defendant officers did not recover any evidence connecting plaintiff SONYA FERGUSON to any criminal or unlawful activity.

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features

SONYA FERGUSON was handcuffed with her arms tightly behind her back.

39. At no time on December 7, 2011, did defendants possess probable cause to arrest plaintiff SONYA FERGUSON.

40. At no time on December 7, 2011, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff SONYA FERGUSON.

41. As a result of her unlawful arrest plaintiff SONIA FERGUSON spent approximately thirty-six (36) hours in police custody before the Bronx County District Attorney's office declined to prosecute charges against her.

42. As a result of the foregoing, plaintiff SONYA FERGUSON sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

### FIRST CLAIM FOR RELIEF ARISING FROM THE MARCH 3, 2011, ARREST FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under color of state law.

45. All of the aforementioned acts deprived plaintiffs SONYA FERGUSON and THOMAS RIDLEY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

Your complimentary use period has ended. Thank you for using PDF Complete.
Click Here to upgrade to Unlimited Pages and Expanded Features

of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF ARISING FROM THE MARCH 3, 2011, ARREST FOR FALSE ARREST UNDER 42 U.S.C. § 1983

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered õ1ö through õ48ö with the same force and effect as if fully set forth herein.

50. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

51. As a result of the foregoing, plaintiffsø liberty was restricted for extended periods of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

### THIRD CLAIM FOR RELIEF ARISING FROM THE MARCH 3, 2011, ARREST FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered õ1ö through õ51ö with the same force and effect as if fully set forth herein.

PDF Complete. Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

misrepresented and falsified evidence before the Bronx County District Attorney.

54. Defendants did not make a complete and full statement of facts to the District Attorney.

55. Defendants withheld exculpatory evidence from the District Attorney.

56. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs SONYA FERGUSON and THOMAS RIDLEY.

57. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs SONYA FERGUSON and THOMAS RIDLEY.

58. Defendants acted with malice in initiating criminal proceedings against plaintiffs SONYA FERGUSON and THOMAS RIDLEY.

59. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs SONYA FERGUSON and THOMAS RIDLEY.

60. Defendants lacked probable cause to continue criminal proceedings against plaintiffs SONYA FERGUSON and THOMAS RIDLEY.

61. Defendants acted with malice in continuing criminal proceedings against plaintiffs SONYA FERGUSON and THOMAS RIDLEY.

62. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

63. Specifically defendants falsely alleged plaintiffs possessed ammunition and a controlled substance.

PDF Complete. Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

injurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs' favor on or about June 27, 2011 when the charges against them were dismissed.

65. As a result of the foregoing, plaintiffs' liberty was restricted for extended periods of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF ARISING FROM THE MARCH 3, 2011, ARREST FOR DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

66. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "65" as if the same were more fully set forth at length herein.

67. Defendants created false evidence against plaintiffs SONYA FERGUSON and THOMAS RIDLEY.

68. Specifically defendants falsely and knowingly alleged plaintiffs possessed a controlled substance and ammunition.

69. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

70. Defendants misled the prosecutors by creating false evidence against plaintiffs SONYA FERGUSON and THOMAS RIDLEY and thereafter providing false testimony throughout the criminal proceedings.

71. In creating false evidence against plaintiffs SONYA FERGUSON and THOMAS RIDLEY, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiffs' constitutional rights to fair trials

Fifth and Fourteenth Amendments of the United States Constitution.

72. As a result of the foregoing, plaintiffs' liberty was restricted for extended periods of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FIFTH CLAIM FOR RELIEF ARISING FROM THE MARCH 3, 2011, ARREST FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

73. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

75. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. executing search warrants and arresting any and all individuals in said premises regardless of individualized probable cause;

   ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

   iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

76. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Middleton v. City of New York**, 09 CV 4656 (plaintiff was arrested along with the occupants of the house as a result of drugs being found in a bedroom where she was not located and held for thirty (30) hours before the District Attorney

because there was no evidence consistent with her ... of the drugs recovered).

- **Hoover v. City of New York**, 09 CV 0088 (plaintiff was arrested along with all of the occupants of the apartment because drugs were found secreted in two bedrooms where plaintiff was not located and held for twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Nunez v. City of New York**, 09 CV 8798 (plaintiffs were arrested along with all of the occupants of an apartment because a gun was found in a locked safe in the one of the occupants room and were held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the gun).

- **Batista v. City of New York**, 08 CV 7639 (plaintiffs were arrested along with all of the occupants of an apartment as the result of a drugs found in one of the occupants pocket and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

- **Ramos v. City of New York**, 10 CV 1171 (plaintiff was arrested with all other individuals located in an apartment as the result of a single pill of Ciboxen recovered in the owners bedroom nightstand and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

- **Bynum v. City of New York,** 10 CV 3182 (plaintiff, asleep in his bedroom, was arrested with all other individuals in an apartment as the result of a single bag of marijuana recovered from an individual's pocket in the living room of the apartment and was held eighteen (18) hours before the District Attorney declined prosecution because there was nothing consistent with his knowledge or possession of the drugs).

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

80. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

81. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs SONYA FERGUSON and THOMAS RIDLEY's constitutional rights.

82. The acts complained of deprived plaintiffs of their rights:

    A    Not to be deprived of liberty without due process of law;

    B    To be free from seizure and arrest not based upon probable cause;

    C    To be free from unlawful search;

    D    Not to have summary punishment imposed upon them; and

    E    To receive equal protection under the law.

**SIXTH CLAIM FOR RELIEF ARISING FROM THE DECEMBER 7, 2011, ARREST FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

83. Plaintiff SONYA FERGUSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under color of state law.

85. All of the aforementioned acts deprived plaintiff SONYA FERGUSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and

Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

86. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

87. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

88. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SEVENTH CLAIM FOR RELIEF ARISING FROM THE DECEMBER 7, 2011, ARREST FOR FALSE ARREST UNDER 42 U.S.C. § 1983**

89. Plaintiff SONYA FERGUSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

91. As a result of the foregoing, plaintiff's liberty was restricted for extended periods of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features

**...LIEF ARISING FROM THE DECEMBER 7, 2011, ...PAL LIABILITY UNDER 42 U.S.C. § 1983**

92.     Plaintiff SONYA FERGUSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered õ1ö through õ91ö with the same force and effect as if fully set forth herein.

93.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

94.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

      i.     arresting individuals regardless of probable cause in order to inflate the officerøs arrest statistics; and

      ii.    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

95.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

96.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

97.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

99. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff SONYA FERGUSON's constitutional rights.

100. The acts complained of deprived plaintiff of her rights:

  A  Not to be deprived of liberty without due process of law;

  B  To be free from seizure and arrest not based upon probable cause;

  C  To be free from unlawful search;

  D  Not to have summary punishment imposed upon her; and

  E  To receive equal protection under the law.

## **PENDANT STATE CLAIMS**

101. Plaintiff SONYA FERGUSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. On or about February 14, 2012, and within ninety (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim on behalf of plaintiff setting forth all facts and information required under the General Municipal Law § 50 (e).

103. Defendant THE CITY OF NEW YORK has not yet scheduled a hearing pursuant to General Municipal Law § 50-h for plaintiff.

104. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

Your complimentary use period has ended. Thank you for using PDF Complete.
Click Here to upgrade to Unlimited Pages and Expanded Features

with all conditions precedent to maintaining the instant action.

106. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW ARISING FROM THE DECEMBER 7, 2011, ARREST FOR ASSAULT

107. Plaintiff SONYA FERGUSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

109. As a result of defendants' conduct, plaintiff SONYA FERGUSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW ARISING FROM THE DECEMBER 7, 2011, ARREST FOR BATTERY

110. Plaintiff SONYA FERGUSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. Defendant police officers touched plaintiff SONYA FERUSON in a harmful and offensive manner.

112. Defendant police officers did so without privilege or consent from plaintiff.

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features

ts' conduct, plaintiff SONYA FERGUSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW ARISING FROM THE DECEMBER 7, 2011, ARREST FOR FALSE ARREST

114. Plaintiff SONYA FERGUSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. Defendant police officers arrested plaintiff SONYA FERGUSON in the absence of probable cause and without a warrant.

116. As a result of the aforesaid conduct by defendants, plaintiff SONYA FERGUSON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW ARISING FROM THE DECEMBER 7, 2011, ARREST FOR FALSE IMPRISONMENT

117. Plaintiff SONYA FERGUSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118. As a result of the foregoing, plaintiff SONYA FERGUSON was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing, and other physical restraints.

119. Plaintiff was conscious of said confinement and did not consent to same.

PDF Complete. Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

plaintiff was without probable cause and was not otherwise privileged.

121. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW ARISING FROM THE DECEMBER 7, 2011, ARREST FOR <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

122. Plaintiff SONYA FERGUSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered õ1ö through õ121ö with the same force and effect as if fully set forth herein.

123. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

124. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

125. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

126. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

127. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, and physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## ...UNDER N.Y. STATE LAW ARISING FROM THE ...ER 7, 2011, ARREST FOR NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

128. Plaintiff SONYA FERGUSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

130. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

131. Due to the negligence of the defendants as set forth above, plaintiff SONYA FERGUSON suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

132. As a result of the foregoing, plaintiffs are entitled to compensatory damages and are further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.



BY:_____/S_____  
GERALD COHEN  
COHEN & FITCH LLP  
Attorneys for Plaintiffs  
233 Broadway, Suite 1800  
New York, N.Y. 10279  
(212) 374-9115  
gcohen@cohenfitch.com